JOSEPH M. TIPTON, P.J.,
concurring.
I concur in the results reached and most of the reasoning used in the majority opinion. I write separately to stress the importance of complying with Tennessee Code Annotated section 40-13-202, which requires that the “indictment must state the facts constituting the offense in ordinary and concise language ... in a manner so as to enable a person of common understanding to know what is intended and with the degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.” To me, alleging the particular property stolen is not surplusage; it is required. With the indictment alleging the theft of U.S. Currency, proving the theft of other property would constitute a variance.
*599 The issue of whether the variance is material, i.e., constitutes prejudice, is another matter. In the present case, I believe the proof is susceptible to a finding that the defendant stole currency in depositing the cashed checks in his bank account. To the extent the proof may be interpreted otherwise, I agree with the majority opinion relative to the indictment, bill of particulars, and the facts warranting a conclusion that any variance was not material.